IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-83008 |
| | ) | |
| GOLF PROPERTY INVESTMENTS, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**MARJORIE TAYLOR REVOCABLE TRUST'S OBJECTION TO
CONFIRMATION OF DEBTOR'S PROPOSED CHAPTER 11 PLAN**

The Marjorie Taylor Revocable Trust, U/A, dated September 7, 1993, and its Co-Trustees, Marvin Gene Taylor and James Richard Taylor ("Taylor Trust"), a creditor of the Debtor, objects to confirmation of Debtor's proposed Chapter 11 Plan for the following reasons:

**PROCEDURAL BACKGROUND**

1. On October 18, 2010, Debtor filed its voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code.

2. On November 19, 2010, the Taylor Trust filed a Motion for Relief from the Automatic Stay (the "Motion for Relief"). (Filing No. 15).

3. On December 6, 2010, this Court entered an Order granting the Taylor Trust's Motion for Relief. (Filing No. 20).

4. Thereafter, on December 6, 2010, the Debtor filed a "Motion for Order to Permit Filing of Objection to Relief from Stay Out of Time and Setting Aside Order Granting Relief from Stay" ("Motion to Reconsider"). (Filing No. 22). The Debtor also

574520.1

filed a Motion requesting an expedited hearing on its Motion to Reconsider ("Motion to Expedite"). (Filing No. 24).

5. On December 7, 2010, this Court entered an Order granting the Debtor's Motion to Expedite and scheduled a hearing on the Debtor's Motion to Reconsider for December 13, 2010. (Filing No. 25).

6. On December 13, 2010, a hearing was held on the Debtor's Motion to Reconsider. This Court granted the Debtor's Motion to Reconsider and scheduled a final hearing on the Taylor Trust's Motion for Relief and the Debtor's resistance to the Motion for Relief for January 18, 2011. (Filing No. 31).

7. The final hearing on the Taylor Trust's Motion for Relief and the Debtor's resistance to the Motion for Relief did not take place on January 18, 2011. Instead, the Debtor unilaterally withdrew its objection and said it wanted to dismiss the bankruptcy.

8. Based on the Debtor's withdrawal, the Court entered an Order on January 18, 2011, stating that the earlier Order granting the Taylor Trust Relief from the Automatic Stay "remains in effect." (Filing No. 42).

**THE PROPOSED PLAN IS NOT PROPERLY BEFORE THIS COURT**

9. The plan confirmation issue is not properly before this Court because Disclosure Statement approval was obtained by a dismissal representation that Debtor failed or refused to honor.

10. On January 18, 2011, in addition to withdrawing its resistance to the Motion for Relief, Debtor's counsel represented in an email communication to the attorneys for the Taylor Trust and Deer Creek Holdings, LLC, another of the creditors in

this case, that Debtor "will be filing a motion to dismiss the bankruptcy." A true and correct copy of this email is attached hereto as Exhibit "A."

11. Based upon the Debtor's representation that this bankruptcy would be dismissed, the Taylor Trust did not file an objection to Debtor's Disclosure Statement by February 4, 2011.

12. It is notable that Debtor's counsel previously obtained relief in this case from a failure to act in response to a pending motion—despite such failure being due to no fault of opposing counsel. (Filing No. 31). Here, Debtor is moving forward based upon a failure of opposing counsel to act, when such failure was procured by the affirmative representation of Debtor's counsel that subsequently proved to be false.

### DEBTOR'S PROPOSED PLAN OF REORGANIZATION

13. On January 14, 2011, the Debtor filed a Plan of Reorganization ("Proposed Plan"). (Filling No. 35).

14. The Debtor has attached a purported Real Property and Purchase and Sale Agreement to its Proposed Plan (the purported "Purchase Agreement").

15. The real property that is the subject of the purported Purchase Agreement is the Debtor's only asset (the "Real Property"). The Taylor Trust is the beneficiary of a Deed of Trust covering the Real Property based on a December 18, 2007 Promissory Note made payable to the Taylor Trust.

16. The purported Purchase Agreement contemplates the sale of the Debtor's Real Property to KVI Associates, Inc. for the price of $530,000.00. (Filing No. 35, Ex. 1).

17. The Debtor identifies the sale of the Real Property as the means to implement the Proposed Plan.

18. The purported Purchase Agreement's "Effective Date" was January 14, 2011.

19. The purported Purchase Agreement includes a "Contingency Period" that runs 45 days from the "Effective Date," until February 28, 2011.

20. The purported Purchase Agreement's closing is to take place within 30 days following the end of the Contingency Period, or, if later than the end of the Contingency Period, the date on which all objections or contingencies under Sections 3 and 4 of the purported Purchase Agreement are cured or waived, on a date mutually agreeable to the parties. Therefore, the absolute earliest that a closing on the purported Purchase Agreement will take place is March 30, 2011.

**RELIEF FROM STAY PREVIOUSLY GRANTED**

21. The Debtor's Proposed Plan is inconsistent with the relief from automatic stay that has been granted to the Taylor Trust and the Court should therefore deny confirmation of the Proposed Plan.

22. On December 6, 2010, this Court granted the Taylor Trust relief from the automatic stay. (Filing No. 20). On December 13, 2010, this Court granted Debtor's Motion to Reconsider and scheduled a final hearing on the issue of relief from automatic stay for January 18, 2011. (Filing No. 31).

23. On January 18, 2011, the Debtor withdrew its objection to the Taylor Trust's Motion for Relief and the final hearing on the Motion for Relief was canceled. In addition, the Debtor's counsel represented in an email communication to the attorneys

4

for the Taylor Trust and Deer Creek Holdings, LLC, another of the creditors in this case, that the Debtor "will be filing a motion to dismiss the bankruptcy."

24. Pursuant to the Debtor's withdrawal, on January 18, 2011, this Court entered an Order providing that the earlier Order granting the Taylor Trust relief from the automatic stay "remains in effect." (Filing No. 42).

25. A sale of the Real Property, which is what is proposed by the Debtor in its Proposed Plan, is inconsistent with the relief granted to the Taylor Trust.

26. Prior to the Debtor filing bankruptcy, the Taylor Trust sought to sell the Real Property through a trustee's sale.

27. On May 21, 2010, the Taylor Trust filed a Notice of Default in the office of the Register of Deeds of Douglas County, Nebraska on the Real Property based on the Debtor's failure to make payments due under the Promissory Note.

28. Starting on September 7, 2010, and continuing for five consecutive weeks, the Taylor Trust caused a Notice of Trustee's Sale to be published in the Daily Record, of Omaha, Douglas County, Nebraska, a legal newspaper, in accordance with the Trust Deeds Act, and served the Notice of Trustee's Sale upon Debtor in accordance with the Trust Deeds Act.

29. The trustee's sale of the Real Property was scheduled for 10:00 a.m. on October 19, 2010, but was canceled upon Debtor filing its Petition in this case less than twenty-four hours prior to the scheduled time of the trustee's sale.

**ACTION TAKEN IN RELIANCE ON RELIEF FROM STAY**

30. In reliance on the Court's January 18, 2011 Order, stating that the Taylor Trust's relief from automatic stay "remains in effect," the Taylor Trust has scheduled a

5

trustee's sale of the Real Property for March 31, 2011, at 10:00 a.m., and has incurred additional costs and attorneys' fees in scheduling the trustee's sale.

31. Debtor's Proposed Plan, which relies upon the purported Purchase Agreement as the means to implement the Proposed Plan, is in direct contradiction to the Taylor Trust's plan of selling the Real Property at the trustee's sale.

32. KVI Associates, Inc., the purchaser of the Real Property under the purported Purchase Agreement, is free to bid on the Real Property at the trustee's sale.

33. As this bankruptcy has remained ongoing, interest continues to accrue on the debt owed to the Taylor Trust in the amount of $165.14 per day.

34. The Taylor Trust has no plan or intention to consent to or accept Debtor's Proposed Plan.

WHEREFORE, the Taylor Trust objects to Debtor's Proposed Plan and requests that the Court enter an Order denying confirmation of the Proposed Plan.

Dated this 17th day of February 2011.

    MARVIN GENE TAYLOR AND JAMES RICHARD
    TAYLOR, CO-TRUSTEES OF THE MARJORIE
    TAYLOR REVOCABLE TRUST, U/A DATED
    SEPTEMBER 7, 1993, Creditor,

By: *s/Donald L. Swanson*
    Donald L. Swanson, #16385
    Brian J. Koenig, #23807
    Kristin M.V. Farwell, #23919
    KOLEY JESSEN P.C., L.L.O.
    One Pacific Place, Suite 800
    1125 South 103rd Street
    Omaha, NE 68124-1079
    Don.Swanson@koleyjessen.com
    Brian.Koenig@koleyjessen.com
    Kristin.Farwell@koleyjessen.com
    (402) 390-9500
    (402) 390-9005 (facsimile)

And

Jason R. Fendrick, #22275
Michael J. Matukewicz, #20438
LIAKOS & MATUKEWICZ LLP
11516 Nicholas Street, Suite 201
Omaha, Nebraska 68154
(402) 393-1400
(402) 393-1402 Facsimile
jfendrick@liakoslaw.com
mmatukewicz@liakoslaw.com

ATTORNEYS FOR MARVIN GENE TAYLOR AND
JAMES RICHARD TAYLOR, CO-TRUSTEES OF
THE MARJORIE TAYLOR REVOCABLE TRUST,
U/A DATED SEPTEMBER 7, 1993.

## **CERTIFICATE OF SERVICE**

On this 17th day of February, 2011, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

*s/ Donald L. Swanson*